UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAMIEN KELLER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 1:24-cv-01389-TWP-KMB |
| NATIONSTAR MORTGAGE LLC d/b/a Mr. Cooper, | ) ) ) ) |
| Defendant. | ) ) |

**ORDER GRANTING MOTION TO REMAND**

This matter is before the Court on Plaintiff Damien Keller's ("Keller") Motion to Remand (Filing No. 7). Keller initiated this action against Defendant Nationstar Mortgage LLC d/b/a Mr. Cooper ("Nationstar") in state court. More than a year later, Nationstar filed a Notice of Removal on the basis of diversity jurisdiction. Keller moves the Court to remand this action back to state court. For the following reasons, the Motion to Remand is **granted**.

**I.    BACKGROUND**

These background facts are not intended to provide a comprehensive explanation of the history of this case; rather, it provides the background relevant to the issues before the Court. In December 2022, Keller filed a Complaint against Nationstar in the Marion Superior Court, asserting claims under the Real Estate Settlement Procedures Act.[1] The original Complaint did not allege a specific dollar amount of damages.[2] Nationstar moved to dismiss the Complaint, and

---

[1] Although Nationstar chose not to remove this case on the basis of federal question jurisdiction, Nationstar was not precluded from later removing this case on the basis of diversity jurisdiction. *Railey v. Sunset Food Mart, Inc.*, 16 F.4th 234, 239 (7th Cir. 2021).

[2] Complaint, *Keller v. Nationstar Mortg. LLC d/b/a/ Mr. Cooper*, No. 49D12-2212-CT-041690 (Marion Sup. Ct. Dec. 4, 2024) ("*Keller I*"); *see Daniel v. Cook County*, 833 F.3d 728, 743 (7th Cir. 2016) (stating court may take judicial notice of the contents of filings in other courts to establish the fact of litigation and related filings).

in May 2023, the state court judge granted Nationstar's motion and dismissed the original Complaint with prejudice.[3] However, the trial court judge did not explain his reasoning. Keller appealed the dismissal, and the Indiana Court of Appeals reversed and remanded the case with instructions for the trial court to enter a revised order including a basis for dismissal.[4] The trial court received the appellate opinion on January 11, 2024, and the next day, Keller successfully moved for a change of judge.[5]

In February 2024, the new trial judge issued a Revised Order explaining the reason for the dismissal, dismissing the original Complaint without prejudice, and giving Keller thirty days to file an Amended Complaint.[6] On March 6, 2024, Keller filed an Amended Complaint, which again did not identify a specific dollar amount of damages.[7] Nationstar filed a motion to dismiss the Amended Complaint on March 21, 2024.[8] A week later, counsel for Nationstar emailed counsel for Keller, stating "I wanted to reach out to you and ask about your actual demand in the case. I am not sure whether that was ever discussed with my predecessor." (Filing No. 9-4 at 4.) There is no evidence indicating that Nationstar previously requested a settlement demand from Keller or otherwise discussed his alleged damages.

Keller did not respond to the March 2024 email. In July 2024, counsel for Nationstar sent a follow-up email, again asking for an "actual demand." *Id.* at 3. Keller refused to provide an

---

[3] Motion to Dismiss Plaintiff's Complaint, *Keller I* (Marion Cnty. Sup. Ct. Apr. 13, 2023); Order Dismissing Plaintiff's Complaint, *Keller I* (Marion Cnty. Sup. Ct. May 3, 2023).

[4] Notice of Appeal, *Keller I* (Marion Cnty. Sup. Ct. June 22, 2023); *Keller v. Nationstar Mortg. LLC*, 226 N.E.3d 787 (Ind. Ct. App. 2023).

[5] Motion for Change of Judge, *Keller I* (Marion Cnty. Sup. Ct. Jan. 12, 2024); Order Granting Motion for Change of Judge, *Keller I* (Marion Cnty. Sup. Ct. Jan. 12, 2024).

[6] Revised Order, *Keller I* (Marion Cnty. Sup. Ct. Feb. 7, 2024).

[7] Amended Complaint, *Keller I* (Marion Cnty. Sup. Ct. Mar. 5, 2024).

[8] Motion to Dismiss Plaintiff's Amended Complaint, *Keller I* (Marion Cnty. Sup. Ct. Mar. 12, 2024).

offer via email but stated he would make an offer over telephone. *Id.* at 1–2. On August 1, 2024, the parties spoke on the telephone, and counsel for Keller made a settlement demand of $150,000.00, not including fees and costs (Filing No. 9-5 at 1).

Nationstar filed its Notice of Removal two weeks later (Filing No. 1), and Keller timely filed his Motion to Remand (Filing No. 7). In his Motion, Keller argues that Nationstar had no objectively reasonable basis for removal and requests his reasonable attorneys' fees (Filing No. 7). However, in his reply brief, Keller waived his request for fees in light of the Court's "demanding docket" and to "avoid further time expenditures and delays." (Filing No. 13 at 3, 11–12.) The Court appreciates Keller's consideration and his decision to waive his request for fees. The Motion to Remand is now ripe for the Court's review.

## II.    LEGAL STANDARD

"A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal." 28 U.S.C. § 1446(a). "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." *Id.* § 1446(b)(1).

Federal district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1). However, a case may not be removed "on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1).

3

The Seventh Circuit has not defined "bad faith" under § 1446(c)(1), but district courts have explained that "bad faith under § 1446(c)(1) requires a causal link showing that '[p]laintiff has acted in bad faith *in order to prevent* a defendant from removing an action.'" *Henning v. Barranco*, No. 21-cv-1657, 2021 WL 5578767, at *3 (N.D. Ill. Nov. 30, 2021) (emphasis and alteration in original) (quoting *Herron v. Graco, Inc.*, No. 16-CV-00653, 2016 WL 7239915, at *4 (S.D. Ill. Dec. 15, 2016)). "The bad faith exception does not apply when other factors could have motivated the plaintiff's actions." *Herron*, 2016 WL 7239915, at *4.

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c).

"The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009).

### III.   DISCUSSION

Keller argues that this action must be remanded because Nationstar did not remove this action within one year of its commencement (Filing No. 8). Nationstar responds that it could not have removed this case sooner because Keller acted in bad faith by refusing to disclose an amount in controversy until August 2024 (Filing No. 9 at 7–11). Nationstar specifically argues that Keller acted in bad faith by failing to plead or disclose an amount in controversy and by delaying his response to Nationstar's requests for a settlement demand. The Court will discuss each argument in turn.

A. **Not Pleading or Disclosing an Amount in Controversy**

Nationstar argues that it was "[Keller's] responsibility to disclose an amount in controversy," and because he knew his damages exceeded $75,000.00 before filing his original Complaint, there was "no reason why [he] could not have stated the amount in controversy at the outset of the action, or at any point within the one-year time period." (Filing No. 9 at 10.) Nationstar argues that this case is analogous to *Perrin v. Dillard's Inc.*, No. 17-cv-201, 2017 WL 2984128 (S.D. Ill. July 13, 2017). On reply, Keller argues that he had no obligation to disclose an amount in controversy, that *Perrin* is distinguishable, and that several analogous cases show that remand is appropriate. The Court agrees with Keller on all accounts.

Nationstar is incorrect in arguing that Keller was required to proactively disclose an amount in controversy. Nationstar, as "the proponent of jurisdiction, . . . has the burden of showing by a preponderance of the evidence facts that suggest the amount-in-controversy requirement is met." *Oshana v. Coca-Cola Co.*, 472 F.3d 511 (7th Cir. 2006). Whereas Keller, as "the master of the complaint," may "provide[] little information about the value of [his] claims." *Id.* Removing parties are permitted to allege a "good-faith estimate of the stakes" precisely because plaintiffs are not required to plead an amount in controversy in their complaints. *Id.*; *cf.* Ind. Trial Rule 8(A)(2) (prohibiting plaintiffs from alleging a specific dollar amount of damages in complaints for personal injury or wrongful death). Nationstar at all times bore the burden of establishing that all elements of diversity jurisdiction have been met, including the amount in controversy, yet it chose to wait more than a year (after the Indiana Court of Appeals had reversed the trial court's dismissal, Keller had successfully moved for a change of judge, and Keller had filed an Amended Complaint) to

5

even ask Keller for a settlement demand (Filing No. 9-4 at 3).[9]  Keller did not act in bad faith by simply remaining silent when he was not required to speak.

Keller's silence is distinguishable from the bad faith conduct in *Perrin*. In that case, plaintiff Perrin filed her original complaint in March 2015 alleging personal injury damages "in an amount *less than* Fifty Thousand Dollars," which was the jurisdictional maximum to file in the Illinois courts' Arbitration ("AR") Division.  *Perrin*, 2017 WL 2984128, at *1 (emphasis in original).  In August 2015, Perrin served answers to the defendants' first set of interrogatories.  In response to the interrogatory asking, "What dollar amount of damages is plaintiff seeking as compensation," Perrin responded "Plaintiff's suit was filed in AR Division which is for claims of $50,000.00 or less." *Id.* at *4.  In December 2015, Perrin moved to transfer her case from the AR Division to the Law Division.  In her motion, Perrin stated that based on recent medical opinions, her damages would "exceed the jurisdictional amount of the arbitration docket," although she did not state whether her damages would exceed $75,000.00.  *Id.* at *2.  Between December 2015 and December 2016, Perrin produced several medical records to defendants, but none of them contained "competent proof" that her damages would exceed $75,000.00. *Id.* at *4–5.  Finally, in January 2017, Perrin sent the defendants a settlement demand of $350,000.00, and shortly thereafter, the defendants removed the case to federal court. *Id.* at *5.  The *Perrin* court concluded that Perrin acted in bad faith to prevent removal:

> The Court's decision is chiefly grounded in the fact that no information regarding increased damages surpassing the $75,000.00 mark was communicated to defendants between March 12, 2015, and March 12, 2016. The convoluted medical records provided to defendants, *as well as* the failure to supplement interrogatory responses, satisfy the "bad faith" exception pursuant to 28 U.S.C. § 1446(c)(1).

---

[9] Nationstar briefly contends that "there was no case to remove" until Mr. Keller filed his Amended Complaint because his original Complaint had been dismissed (Filing No. 9 at 4). However, Nationstar could have removed this action while Mr. Keller's appeal was pending. 28 U.S.C. § 1441(f); *cf. Doe I v. Certiphi Screening, Inc.*, No. 21-cv-2620, 2022 WL 4235334, at *2 (S.D. Ind. Sept. 14, 2022).

*Id.* at *6 (emphasis in original). In this case, by contrast, Keller did not make any misleading demands, fail to update any demands, fail to supplement discovery responses, produce convoluted evidence of damages, or otherwise "obfuscate[] the amount of damages." (Filing No. 9 at 7.) He merely declined to offer information that Nationstar did not request.

Other federal courts have held that a plaintiff does not act in bad faith by not disclosing an amount of damages before the one-year removal deadline. *See Huffman v. Draghici*, No. 16-CV-446, 2017 WL 4296966, at *3 (N.D. Ind. Sept. 28, 2017) ("Defendants do not present evidence that they specifically asked Plaintiff about the amount in controversy or about removal nor have they shown that Plaintiff declined to furnish them with that information upon request. . . . If Plaintiff had truly wanted to prevent removal, she could have waited until the deadline had passed altogether and/or provided Defendants with misleading information to downplay the amount in controversy. She did neither of those things. There is simply no reasonable basis upon which to make a finding of bad faith in this case."); *Chong v. Sunrise Rests., LLC*, No. EP-22-CV-365, 2023 WL 2612612, at *5 (W.D. Tex. Mar. 23, 2023) ("[E]ven if damages did exceed the jurisdictional amount prior to the amended complaint, 'courts have found that mere failure to quantify damages until after the one-year mark does not warrant an exception to the one-year ban on removal.'" (quoting *Lujan v. Alorica, Inc.*, No. EP-15-CV-355, 2016 WL 8857008, at *4–5 (W.D. Tex. May 24, 2016))); *Sosa v. CT Rest., LP*, No. 23-cv-31, 2023 WL 8000317, at *3 (S.D. Tex. Apr. 13, 2023) ("'[T]he mere failure to plead the amount of damages in the original and amended petition,' standing alone, is not evidence of bad faith." (quoting *Morgan Bldgs., & Spas, Inc. v Advantage Mfg., Inc.*, No. 06-CV-149, 2006 WL 1140657, at *1 (N.D. Tex. May 1, 2006))). Keller did not act in bad faith by not pleading or disclosing an amount in controversy unprompted.

### B. <u>Delaying Response to Request for Settlement Demand</u>

Nationstar also argues that Keller's bad faith is demonstrated by his delay in making a settlement demand once Nationstar asked (Filing No. 9 at 1, 11). The Court is not persuaded that Keller's conduct during settlement negotiations shows bad faith. Although Keller failed to respond to Nationstar's initial March 2024 email, his decision not to respond (or his lack of diligence in responding) does not necessarily show bad faith. "[T]here is a considerable gap between best practices (or even good ones) and bad faith. Failure to follow the former does not necessarily signify the latter." *Henning*, 2021 WL 5578767, at *4. Further, although Keller refused to make a settlement demand via email, he repeatedly indicated his willingness to make an offer over the telephone, and he *did* make an offer during the August 2024 call (Filing No. 9-5).

Most importantly, Nationstar has not explained how Keller's responses (or lack thereof) to Nationstar's settlement emails could possibly show an attempt to prevent timely removal, since Nationstar did not send those emails until the one-year removal deadline had already passed. *See Lujan*, 2016 WL 8857008, at *8 ("Plaintiff's refusal to respond to discovery requests regarding the amount of damages is not evidence of bad faith to prevent removal because the instances that Defendant cites occurred long after the one-year time period for removal had passed. . . . Indeed, it is illogical to argue that actions Plaintiff took in 2015—nearly two years after the time period for removal had passed—could possibly have thwarted removal.").

Nationstar has not shown that Keller acted in bad faith to prevent it from timely removing this case. Keller was not required to disclose an amount of damages unprompted, and Nationstar failed to inquire about his damages until well after the one-year removal window had passed. Unfortunately for Nationstar, the untimeliness of its removal is due to its own procrastination. The Court therefore **grants** Keller's Motion to Remand.

### IV. CONCLUSION

For the foregoing reasons, Keller's Motion to Remand (Filing No. 7) is **GRANTED**. The **Clerk is directed to remand** this matter to the Marion Superior Court 12, Cause No. 49D12-2212-CT-041690, and to **close this federal action**.

**SO ORDERED**.

Date: 11/20/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Duran Keller
KELLER LAW LLP
duran@kellerlawllp.com

Caleb J. Halberg
DYKEMA GOSSETT PLLC (Chicago)
chalberg@dykema.com

Paulina Garga-Chmiel
DYKEMA GOSSETT PLLC
pgarga@dykema.com